UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No: O4-3029P-KPU

|  |  |
|---|---|
| BRADFORD C. COUNCILMAN, | ) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| ALIBRIS, INC., | ) |
| MICHAEL WARCHUT, | ) |
| PETER KROTKOV, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Alibris, Inc. ("Alibris") hereby removes Hampshire County Superior Court Civil Action No. 04-161 to this Court, on the grounds that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; is between citizens of different states; and that plaintiff has failed to effect proper service upon the only Massachusetts defendant, Peter Krotkov. In support of this Notice, Alibris states as follows:

## PROCEEDINGS IN THE SUPERIOR COURT

1.      Plaintiff Bradford C. Councilman filed Superior Court Civil Action No. 04-161 ("Superior Court Action") against Alibris, Inc., Michael Warchut, and Peter Krotkov in the Superior Court of Hampshire County, Massachusetts on or around July 12, 2004. The Complaint seeks damages on claims against all defendants for alleged malicious prosecution, abuse of process, and intentional infliction of emotional distress, and against Alibris for alleged unfair and deceptive acts or practices under Massachusetts General Laws Ch. 93A. Copies of the Complaint and Civil Action Cover Sheet are attached hereto as Exhibit 1.

2.      Copies of the Complaint and the Civil Action Cover Sheet were received by defendant Alibris, Inc. on September 24, 2004.  A copy of the Alibris Summons with the return of service is attached hereto as Exhibit 2.

3.      Copies of the Complaint and the Civil Action Cover Sheet were received by defendant Michael Warchut on September 24, 2004.  A copy of the Warchut Summons with the return of service is attached hereto as Exhibit 3.

4.      A copy of the Complaint and the Civil Action Cover Sheet allegedly were served on defendant Peter Krotkov on September 22, 2004.  A copy of the Krotkov Summons, with the return of service, is attached hereto as Exhibit 4.  However, service was not properly effected because it was not made at Mr. Krotkov's last and usual place of abode, as is set forth more fully in the Affidavit attached hereto as Exhibit 5.

5.      All other process, pleadings, and orders served in the state court matter are attached hereto as Exhibit 6, consisting of the Superior Court's Tracking Order, a Notice of Appearance filed and served by Alibris' counsel, and an Assented-To Motion to Extend Time to Answer or Respond to Complaint.

6.      This Court is the United States District Court for the judicial district and division embracing the place where the action was commenced.

### DIVERSITY JURISDICTION

7.      This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      According to the Complaint, plaintiff Bradford C. Councilman is a citizen of the state of New Hampshire and, upon information and belief, remains a citizen of that state.

9.    Defendant Alibris was and is incorporated in the state of Delaware with a principal place of business in Emeryville, California.

10.    Defendant Michael Warchut, upon information and belief, is a citizen of the state of California and remains a citizen of that state.

11.    Defendant Peter Krotkov, upon information and belief, is a citizen of Franklin County in the Commonwealth of Massachusetts and remains a citizen of the Commonwealth.

12.    Plaintiff's citizenship is diverse from the citizenship of all defendants.

## AMOUNT IN CONTROVERSY

13.    Plaintiff seeks damages from all defendants for alleged malicious prosecution, abuse of process, and intentional infliction of emotional distress. Plaintiff also seeks damages from Alibris for alleged unfair and deceptive acts or practices under Massachusetts General Laws Ch. 93A. The Civil Action Cover Sheet states that plaintiff Bradford C. Councilman seeks damages in the amount of $2,500,000.00, subject to multiplication pursuant to Massachusetts General Laws Ch. 93A. See Exhibit 1.

## BASIS FOR REMOVAL

14.    United States Code, 28 U.S.C. 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

15.    This action is brought in Massachusetts, but proper service has not been effected upon Peter Krotkov, the only defendant who is a citizen of Massachusetts. See Exhibit 5.

16.    In Massachusetts, "service shall be made . . . upon an individual by delivering a copy of the Summons and of the Complaint to him personally; or by leaving copies thereof at his

3

last and usual place of abode; or by delivering a copy of the summons and of the complaint" to a registered agent. Mass. R. Civ. P. 4(d)(1).

17.     Under Massachusetts law, where in-hand service to the defendant is not made and process is left by the deputy at an address presumed to be the party's last and usual place of abode, but which is not that party's last and usual place of abode, service is improper. *See Farley v. Sprague*, 374 Mass. 419, 423-425 (1978); *Konan v. Carroll*, 37 Mass. App. Ct. 225, 229 (1994).

18.     The party on whom service was attempted may attest that service upon him was inadequate through an appropriate affidavit. *Farley*, 374 Mass. at 423-425; *Konan*, 37 Mass. App. Ct. at 229. Where, as here, that affidavit is uncontradicted other than by the deputy's return, the affidavit controls. *Farley*, 374 Mass. at 423-425; *Konan*, 37 Mass. App. Ct. at 229.

19.     The return of service for Mr. Krotkov (Exhibit 4) indicates that copies were left at 124 Meadow Street in Amherst, Massachusetts, alleged to be Mr. Krotkov's last and usual place of abode. However, as set forth more fully in the affidavit attached hereto as Exhibit 5, 124 Meadow Street in Amherst, Massachusetts, is not Mr. Krotkov's last and usual place of abode.

20.     Messrs. Krotkov and Warchut assent to and join in this Notice of Removal without otherwise waiving any defenses available to them. See Mr. Krotkov's Consent to Removal and Joinder in Notice of Removal, filed herewith and Mr. Warchut's Consent to Removal and Joinder in Notice of Removal, filed herewith.

21.     This action is removable to this Court because none of the parties in interest *who have been properly joined and served* is a citizen of Massachusetts and because all parties who have been properly joined as defendants consent to this removal.

4

## CONCLUSION

22.    This is a civil action over which the Court has jurisdiction under 28 U.S.C. § 1332 in that it is a controversy between citizens of different states involving a sum or value exceeding $75,000, exclusive of interest and costs. The only Massachusetts defendant, Peter Krotkov, has not been properly served. This action therefore may be removed to this Court from the Superior Court of Hampshire County pursuant to 28 U.S.C. § 1441(b), and Alibris respectfully requests such removal.

23.    In filing this Notice of Removal, Alibris does not waive any defenses that may be available to it.

24.    Prompt written notice of the filing of this Notice of Removal will be given to Mr. Councilman, with a copy for the Superior Court, as required by 28 U.S.C. § 1446(d).

25.    Pursuant to 28 U.S.C. § 1446(a) and (b), this Notice of Removal is signed in accordance with Federal Rule of Civil Procedure 11 and is filed with this Court within 30 days after receipt by Alibris and Mr. Warchut of the Summons and Complaint in the above-captioned action.

Respectfully submitted,

The Defendant,
ALIBRIS, INC.
By Its Attorneys:

Katherine A. Robertson
   BBO No. 557609
Christine Y. LeBel
   BBO No. 600197
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115
Tel: (413) 781-2820
Fax:  (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by facsimile and mail on October 22, 2004.

Christine Y. LeBel

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04- 30208-KPN

| | |
|---|---|
| BRADFORD C. COUNCILMAN, | ) |
|                  Plaintiff | ) |
| v. | ) |
| | ) |
| ALIBRIS, INC., | ) |
| MICHAEL WARCHUT, | ) |
| PETER KROTKOV, | ) |
|              Defendants | ) |

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

## **CONSENT TO REMOVAL and JOINDER IN NOTICE OF REMOVAL**

Defendant Michael Warchut hereby consents to the removal of Hampshire County Superior Court Civil Action No. 04-161 to this Court and hereby joins in Defendant Alibris, Inc.'s Notice of Removal.

In filing this Consent to Removal and Joinder in Notice of Removal, defendant does not waive any defenses that may be available to him.

Dated: October /5, 2004

Respectfully submitted,

Defendant Michael Warchut,

Michael Warchut

FILED
IN CLERK'S OFFICE

## <u>CONSENT TO REMOVAL and JOINDER IN NOTICE OF REMOVAL</u>

U.S. DISTRICT COURT
DISTRICT OF MASS

I, Peter Krotkov, hereby consent to the removal to the United States District Court

for the District of Massachusetts of the case captioned Bradford C. Councilman v.

Alibris, Inc., Michael Warchut and Peter Krotkov, filed in Hampshire County Superior

Court as Civil Action No. 04-161, and hereby join in Defendant Alibris, Inc.'s Notice of

Removal.

In filing this Consent to Removal and Joinder in Notice of Removal, I do not

waive any defenses that may be available to me.

Dated:  October 21, 2004                      Respectfully submitted,


Peter Krotkov