MAS-20040909
shepardp

Case 3:04-cv-30208-MAP   Commonwealth of Massachusetts   Filed 10/28/2004   Page 1 of 21

HAMPSHIRE SUPERIOR COURT
Case Summary
Civil Docket

1)/27/2004
12 36 PM

FILED
CLERK'S OFFICE

OCT 28 A 10 38

U.S. DISTRICT COURT
DISTRICT OF MASS

04 CV 30208-KPN

## HSCV2004-00161
## Councilman v Alibris, Inc et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 07/12/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 10/27/2004 | Session | A - Civil A- CtRm 2-3rd fl | | |
| Origin | 1 | Case Type | B99 - Misc tort | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 10/10/2004 | Answer | 12/09/2004 | Rule12/19/20 | 12/09/2004 |
| Rule 15 | 12/09/2004 | Discovery | 05/08/2005 | Rule 56 | 06/07/2005 |
| Final PTC | 07/07/2005 | Disposition | 09/05/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Bradford C. Councilman
Active 07/12/2004

**Private Counsel 201240**
Andrew Good
Silverglate & Good
83 Atlantic Avenue
Boston, MA 02110
Phone: 617-523-5933
Fax: 617-523-7554
Active 07/12/2004 Notify

**Private Counsel 658726**
Matthew Zisow
83 Atlantic Avenue
Boston, MA 02110
Phone: 617-523-5933
Fax: 617-523-7554
Active 07/12/2004 Notify

**Defendant**
Alibris, Inc
Served: 09/24/2004
Served (answr pending) 09/28/2004

**Private Counsel 557609**
Katherine A Robertson
Bulkley Richardson & Gelinas
1500 Main Street
Suite 2700
Springfield, MA 01115-5507
Phone: 413-781-2820
Fax: 413-785-5060
Active 10/14/2004 Notify

**Defendant**
Michael Warchut
Served: 09/24/2004
Served (answr pending) 09/28/2004

HAMPSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## HSCV2004-00161
## Councilman v Alibris, Inc et al

| Defendant | |
|---|---|
| Peter Krotkov<br>Served: 09/22/2004<br>Served (answr pending) 09/30/2004 | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/12/2004 | 1.0 | Complaint with jury claim & civil action cover sheet filed |
| 07/12/2004 | | Origin 1, Type B99, Track F. |
| 07/12/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 07/12/2004 | | Tracking: origin/track set and mailed to Attorney Good. |
| 07/12/2004 | | Notice of 93A complaint sent to Attorney General in Boston and Springfield. |
| 09/28/2004 | 2.0 | SERVICE RETURNED:  Alibris, Inc(Defendant) |
| 09/28/2004 | 3.0 | SERVICE RETURNED: Michael Warchut(Defendant) |
| 09/30/2004 | 4.0 | SERVICE RETURNED: Peter Krotkov(Defendant) (Photo copy only as original damaged by Post Office) |
| 10/14/2004 | 5.0 | Atty Katherine A Robertson's notice of appearance for Alibris, Inc |
| 10/14/2004 | 6.0 | Assented-to motion to extend time to answer or respond to complaint. |
| 10/25/2004 | | MOTION (P#6) ALLOWED by agreement (Peter A. Velis) Notices mailed October 25, 2004 |
| 10/27/2004 | 7.0 | Notice for Removal to the United States District Court filed by Alibris, Inc |
| 10/27/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/14/2004 | Civil A- CtRm 2-3rd fl | Status: administrative<br>(6) Assented to | Event held as scheduled |

# Commonwealth of Massachusetts
## County of Hampshire
## The Superior Court

FILED
IN CLERK'S OFFICE

2004 OCT 28  A 10 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

I, **Nancy A. Foley** , **Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts  within and for said County of Hampshire, do certify that the papers hereto annexed are true pleadings in case No. **HSCV2004-00161** entered in the Superior Court on **07/12/2004.**



**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Northampton this 27th day of October, in the year of our Lord 2004

Nancy A. Foley, Assistant Clerk

04 161

| CIVIL ACTION<br>COVER SHEET | DOCKET NO.(S) This is the Docket NO. | Trial Court of Massachusetts<br>Superior Court Department<br>County: |
|---|---|---|

PLAINTIFF(S)

Bradford C. Councilman

DEFENDANT(S)

Alibris, Inc.; Michael Warchut; Peter Krotkov

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Andrew Good, Good & Cormier
83 Atlantic Ave. Boston MA 02110
Board of Bar Overseers number: 201240
617/523-5933

ATTORNEY (if Known)

## Original code and track designation

Place an x in one box only:

☐ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c. 231, s. 97 & 104 (after trial) (X)
☐ 5. F05 Reactivated after rescript; relief from
judgement/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

CODE NO.                    TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
                 TYPE OF ACTION (specify) TRACK          IS THIS A JURY CASE?
B99 Malic. Prosecution, etc.
_____  (F)    (X) YES    ( ) NO

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A.    Documented medical expenses to date:

    1.    Total hospital expenses          See Attached          $ _____
    2.    Total Doctor expenses                                      $ _____
    3.    Total chiropractic expenses                                $ _____
    4.    Total physical therapy expenses                            $ _____
    5.    Total other expenses (describe)                            $ _____
                                      Subtotal          $ _____

B.    Documented lost wages and compensation to date                    $ _____
C.    Documented property damages to date                                $ _____
D.    Reasonably anticipated future medical and hospital expenses        $ _____
E.    Reasonably anticipated lost wages                                  $ _____
F.    Other documented items of damages (describe)                       $ _____

G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                            $ _____
                                  TOTAL          $ _____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                        TOTAL          $ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____          DATE: 7/9/04

AOTC-6 mtc005-11/99
a.o.s.c. 1-2000

CIVIL ACTION
COVER SHEET

<u>ATTACHMENT</u>

*ALL MONETARY FIGURES APPROXIMATE*

***

B.   Documented lost wages and compensation to date            $300,000.00

***

E.   Reasonably anticipated lost wages                          $2,000,000.00
F.   Other documented items of damages (describe)              $200,000.00
        *Plaintiff has incurred approximately $200,000*
        *in legal fees defending against the criminal*
        *case generated by defendants' torts.*

G.   Brief description of plaintiff's injury, including nature and
     extent of injury (describe)
        *As a direct result of defendants' torts, plaintiff was*
        *fired from a job paying him $94,000/year in base*
        *salary, incurred approximately $200,000 in legal*
        *fees, has been unable to obtain employment, and has*
        *suffered substantial, permanent reputational injury*
        *which will significantly reduce future earning*
        *potential, if any.*

                                    **TOTAL**    **$2,500,000.00**

*Harry Jekanowski Jr.*
CLERK MAGISTRATE

Commonwealth of Massachusetts
County of Hampshire
The Superior Court

04 161

CIVIL DOCKET# HSCV2004-00161

RE:   Councilman v Alibris, Inc et al

TO:   Thomas F. Reilly, Attorney General
      Consumer Protection Division
      One Ashburton Place
      Boston, MA 02108-1698

## NOTICE OF COMPLAINT FILED UNDER CHAP. 93A

Enclosed is a copy of the Complaint in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **07/12/2004** in the Hampshire Superior Court.

Dated at Northampton, Massachusetts this 12th day of July, 2004.

*Harry Jekanowski Jr.*

Harry Jekanowski, Jr.,
Clerk of the Courts

P.C.   Office of the Attorney General, Western Mass. Division, 1350 Main Street, Springfield, MA 01103-1629

cvdnot93A_1.wpd 254523 not93A shepardp

COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss.

Superior Court Department
of the Trial Court
Civil Action No. 04-161

BRADFORD C. COUNCILMAN,    )
                Plaintiff,    )
v.    )
                    )
ALIBRIS, INC.,    )
MICHAEL WARCHUT,    )
PETER KROTKOV,    )
                Defendants.    )

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), plaintiff is hereby notified, through service of this Notice upon his counsel of record, that a Notice of Removal of Hampshire County Massachusetts Civil Action No. 04-161 to the United States District Court for the District of Massachusetts, Western Division, was duly filed in the Office of the Clerk of the United States District Court for the District of Massachusetts, Western Division on October 22, 2004. A copy of the Notice of Removal is annexed hereto, together with copies of the pertinent papers served in the Superior Court.

This Notice is being filed in the Superior Court pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,

The Defendant,
ALIBRIS, INC.
By Its Attorneys:

Katherine A. Robertson
  BBO No. 557609
Christine Y. LeBel
  BBO No. 600197
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115
Tel: (413) 781-2820
Fax: (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on October 22, 2004.

Christine Y. LeBel

281076

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30208-KPN

BRADFORD C. COUNCILMAN,      )
                 Plaintiff,  )
v.                           )
                             )
ALIBRIS, INC.,               )
MICHAEL WARCHUT,             )
PETER KROTKOV,               )
                 Defendants. )

DOCKETED

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Alibris, Inc. ("Alibris") hereby

removes Hampshire County Superior Court Civil Action No. 04-161 to this Court, on the grounds

that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; is

between citizens of different states; and that plaintiff has failed to effect proper service upon the

only Massachusetts defendant, Peter Krotkov. In support of this Notice, Alibris states as follows:

## PROCEEDINGS IN THE SUPERIOR COURT

1.      Plaintiff Bradford C. Councilman filed Superior Court Civil Action No. 04-161

("Superior Court Action") against Alibris, Inc., Michael Warchut, and Peter Krotkov in the

Superior Court of Hampshire County, Massachusetts on or around July 12, 2004. The Complaint

seeks damages on claims against all defendants for alleged malicious prosecution, abuse of

process, and intentional infliction of emotional distress, and against Alibris for alleged unfair and

deceptive acts or practices under Massachusetts General Laws Ch. 93A. Copies of the Complaint

and Civil Action Cover Sheet are attached hereto as Exhibit 1.

I HEREBY ATTEST AND CERTIFY ON 10/25/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

2.    Copies of the Complaint and the Civil Action Cover Sheet were received by defendant Alibris, Inc. on September 24, 2004. A copy of the Alibris Summons with the return of service is attached hereto as Exhibit 2.

3.    Copies of the Complaint and the Civil Action Cover Sheet were received by defendant Michael Warchut on September 24, 2004. A copy of the Warchut Summons with the return of service is attached hereto as Exhibit 3.

4.    A copy of the Complaint and the Civil Action Cover Sheet allegedly were served on defendant Peter Krotkov on September 22, 2004. A copy of the Krotkov Summons, with the return of service, is attached hereto as Exhibit 4. However, service was not properly effected because it was not made at Mr. Krotkov's last and usual place of abode, as is set forth more fully in the Affidavit attached hereto as Exhibit 5.

5.    All other process, pleadings, and orders served in the state court matter are attached hereto as Exhibit 6, consisting of the Superior Court's Tracking Order, a Notice of Appearance filed and served by Alibris' counsel, and an Assented-To Motion to Extend Time to Answer or Respond to Complaint.

6.    This Court is the United States District Court for the judicial district and division embracing the place where the action was commenced.

## DIVERSITY JURISDICTION

7.    This action is within the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.    According to the Complaint, plaintiff Bradford C. Councilman is a citizen of the state of New Hampshire and, upon information and belief, remains a citizen of that state.

9.      Defendant Alibris was and is incorporated in the state of Delaware with a principal place of business in Emeryville, California.

10.     Defendant Michael Warchut, upon information and belief, is a citizen of the state of California and remains a citizen of that state.

11.     Defendant Peter Krotkov, upon information and belief, is a citizen of Franklin County in the Commonwealth of Massachusetts and remains a citizen of the Commonwealth.

12.     Plaintiff's citizenship is diverse from the citizenship of all defendants.

## AMOUNT IN CONTROVERSY

13.     Plaintiff seeks damages from all defendants for alleged malicious prosecution, abuse of process, and intentional infliction of emotional distress. Plaintiff also seeks damages from Alibris for alleged unfair and deceptive acts or practices under Massachusetts General Laws Ch. 93A. The Civil Action Cover Sheet states that plaintiff Bradford C. Councilman seeks damages in the amount of $2,500,000.00, subject to multiplication pursuant to Massachusetts General Laws Ch. 93A. See Exhibit 1.

## BASIS FOR REMOVAL

14.     United States Code, 28 U.S.C. 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

15.     This action is brought in Massachusetts, but proper service has not been effected upon Peter Krotkov, the only defendant who is a citizen of Massachusetts. See Exhibit 5.

16.     In Massachusetts, "service shall be made . . . upon an individual by delivering a copy of the Summons and of the Complaint to him personally; or by leaving copies thereof at his

last and usual place of abode; or by delivering a copy of the summons and of the complaint" to a registered agent. Mass. R. Civ. P. 4(d)(1).

17.    Under Massachusetts law, where in-hand service to the defendant is not made and process is left by the deputy at an address presumed to be the party's last and usual place of abode, but which is not that party's last and usual place of abode, service is improper. *See Farley v. Sprague*, 374 Mass. 419, 423-425 (1978); *Konan v. Carroll*, 37 Mass. App. Ct. 225, 229 (1994).

18.    The party on whom service was attempted may attest that service upon him was inadequate through an appropriate affidavit. *Farley*, 374 Mass. at 423-425; *Konan*, 37 Mass. App. Ct. at 229. Where, as here, that affidavit is uncontradicted other than by the deputy's return, the affidavit controls. *Farley*, 374 Mass. at 423-425; *Konan*, 37 Mass. App. Ct. at 229.

19.    The return of service for Mr. Krotkov (Exhibit 4) indicates that copies were left at 124 Meadow Street in Amherst, Massachusetts, alleged to be Mr. Krotkov's last and usual place of abode. However, as set forth more fully in the affidavit attached hereto as Exhibit 5, 124 Meadow Street in Amherst, Massachusetts, is not Mr. Krotkov's last and usual place of abode.

20.    Messrs. Krotkov and Warchut assent to and join in this Notice of Removal without otherwise waiving any defenses available to them. See Mr. Krotkov's Consent to Removal and Joinder in Notice of Removal, filed herewith and Mr. Warchut's Consent to Removal and Joinder in Notice of Removal, filed herewith.

21.    This action is removable to this Court because none of the parties in interest *who have been properly joined and served* is a citizen of Massachusetts and because all parties who have been properly joined as defendants consent to this removal.

## CONCLUSION

22.    This is a civil action over which the Court has jurisdiction under 28 U.S.C. § 1332 in that it is a controversy between citizens of different states involving a sum or value exceeding $75,000, exclusive of interest and costs. The only Massachusetts defendant, Peter Krotkov, has not been properly served. This action therefore may be removed to this Court from the Superior Court of Hampshire County pursuant to 28 U.S.C. § 1441(b), and Alibris respectfully requests such removal.

23.    In filing this Notice of Removal, Alibris does not waive any defenses that may be available to it.

24.    Prompt written notice of the filing of this Notice of Removal will be given to Mr. Councilman, with a copy for the Superior Court, as required by 28 U.S.C. § 1446(d).

25.    Pursuant to 28 U.S.C. § 1446(a) and (b), this Notice of Removal is signed in accordance with Federal Rule of Civil Procedure 11 and is filed with this Court within 30 days after receipt by Alibris and Mr. Warchut of the Summons and Complaint in the above-captioned action.

Respectfully submitted,

The Defendant,
ALIBRIS, INC.
By Its Attorneys:

Katherine A. Robertson
 BBO No. 557609
Christine Y. LeBel
 BBO No. 600197
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6804

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by facsimile and mail on October 22, 2004.

Christine Y. LeBel

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30208-KPN

|  |  |
|---|---|
| BRADFORD C. COUNCILMAN, | ) |
| Plaintiff | ) |
| v. | ) |
|  | ) |
| ALIBRIS, INC., | ) |
| MICHAEL WARCHUT, | ) |
| PETER KROTKOV, | ) |
| Defendants | ) |

## CONSENT TO REMOVAL and JOINDER IN NOTICE OF REMOVAL

Defendant Michael Warchut hereby consents to the removal of Hampshire County Superior Court Civil Action No. 04-161 to this Court and hereby joins in Defendant Alibris, Inc.'s Notice of Removal.

In filing this Consent to Removal and Joinder in Notice of Removal, defendant does not waive any defenses that may be available to him.

Dated: October 15, 2004

Respectfully submitted,

Defendant Michael Warchut,

Michael Warchut

FILED

## CONSENT TO REMOVAL and JOINDER IN NOTICE OF REMOVAL

U.S. DISTRICT COURT

I, Peter Krotkov, hereby consent to the removal to the United States District Court for the District of Massachusetts of the case captioned Bradford C. Councilman v. Alibris, Inc., Michael Warchut and Peter Krotkov, filed in Hampshire County Superior Court as Civil Action No. 04-161, and hereby join in Defendant Alibris, Inc.'s Notice of Removal.

In filing this Consent to Removal and Joinder in Notice of Removal, I do not waive any defenses that may be available to me.

Dated: October 21, 2004                    Respectfully submitted,

                                          _____
                                          Peter Krotkov

04 161

## COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss.

Superior Court Department
of the Trial Court
Civil Action No. 04-161

BRADFORD C. COUNCILMAN,                    )
            Plaintiff                    )
                             )
v.                               )       ASSENTED-TO MOTION TO
                               )       EXTEND TIME TO ANSWER
ALIBRIS, INC.,                )       OR RESPOND TO COMPLAINT
MICHAEL WARCHUT,      )
PETER KROTKOV,        )
            Defendants                    )
                             )

With the assent of the plaintiff, Bradford C. Councilman ("Councilman"), defendants

Alibris, Inc. ("Alibris") and Michael Warchut ("Warchut"), hereby move the Court to extend the

time for them to answer or otherwise respond to the complaint in this action until thirty days

after Councilman provides notice to Alibris and Warchut of a ruling by the United States Court

of Appeals for the First Circuit in the case of *United States v. Bradford C. Councilman*, No. 03-

1383. As grounds for this motion, Alibris and Warchut state as follows:

    1.    On or around July 11, 2001, Councilman was indicted by the federal government

on two counts: (1) under 18 U.S.C. § 371, conspiracy to violate 18 U.S.C. § 2511 et seq.; and (2)

under 18 U.S.C.§ 371, conspiracy to violate 18 U.S.C. § 1030 et seq. Councilman commenced

this action on or around July 9, 2004. Alibris and Warchut were served with the complaint on or

around September 24, 2004. In summary, the complaint alleged that the defendants falsely

implicated Councilman in connection with a criminal investigation by the federal government.

    2.    In this complaint, Councilman brought claims against the defendants of malicious

prosecution (Count I) and abuse of process (Count II). In connection with these claims,

Councilman alleged that prior proceedings terminated in his favor because, on June 16, 2003, the

10/25/04
allowed by agreement.
By the Court (Velis J)
Attest: Nancy C. Foley Asst Clerk

government dismissed Count II against him and, on June 29, 2004, the First Circuit affirmed dismissal of Count I against him.

3.    On October 5, 2004, the First Circuit voted to rehear en banc the matter of *United States v. Councilman*. The Court vacated the judgment entered on June 29, 2004 dismissing Count I of the indictment against Councilman.

4.    Based on the First Circuit's allowance of the government's petition for rehearing en banc, Councilman has agreed that the time for Alibris and Warchut to answer or otherwise respond to the allegations in the complaint should be extended until thirty (30) days after Councilman's attorney notifies Alibris and Warchut of the First Circuit's ruling in the pending matter of *United States v. Councilman*, No. 03-1383.

5.    Alibris and Warchut will report to the Court on the status of this matter when the First Circuit issues its ruling in *United States v. Councilman* or on April 1, 2005, whichever is earlier.

6.    For the foregoing reasons, defendants Alibris and Warchut respectfully request that this motion be granted and that the time for them to answer or otherwise respond to Councilman's complaint be extended to thirty days after Alibris and Warchut receive notice from

Councilman's attorney of a ruling by the First Circuit on whether the indictment against

Councilman will be dismissed.


Assented to:

The Plaintiff,
BRADFORD C. COUNCILMAN
By His Attorneys:


_Andrew Good / KAR_
Andrew Good – BBO No. 201240
Matthew Zisow – BBO No. 658726
Good & Cormier
83 Atlantic Avenue
Boston, MA  02110
Tel. (617) 523-5933
Fax (617) 523-7554

Dated:  October 12, 2004

Respectfully submitted,

The Defendant,
ALIBRIS, INC.
By Its Attorney:


_Katherine Robertson_
Katherine A. Robertson
BBO No. 557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax:  (413) 272-6804


## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on October 12, 2004.


_Katherine Robertson_
Katherine A. Robertson


#280632

04 161

## COMMONWEALTH OF MASSACHUSETTS

Hampshire, ss.

Superior Court Department
of the Trial Court
Civil Action No. 04-161

BRADFORD C. COUNCILMAN,    )
           Plaintiff    )
v.    )
              )    NOTICE OF APPEARANCE
ALIBRIS, INC.,    )
MICHAEL WARCHUT,    )
PETER KROTKOV,    )
          Defendants    )

Please enter my appearance as counsel for the defendant Alibris, Inc. in the above-entitled case.

Dated: October 12, 2004

_Katherine Robertson_
Katherine A. Robertson
 BBO No. 557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax:  (413) 272-6804

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on October 12, 2004.

_Katherine Robertson_
Katherine A. Robertson

#28065

04 161    4.

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.     HSCV2004-00161A

BRADFORD C. COUNCILMAN

, Plaintiff (s)

v.

ALIBRIS, INC.
MICHAEL WARCHUT
PETER KROTKOV

, Defendant (s)

SUMMONS

To the above-named Defendant    :

<div style="float:left; writing-mode: vertical">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

You are hereby summoned and required to serve upon    Andrew Good, Esq.    ,
plaintiff 'sattorney, whose address is     83 Atlantic Ave, Boston MA 02110    ,
an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at
Northampton, either before service upon plaintiff's attorney or within a reasonable time
thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any
claim which you may have against the plaintiff    which arises out of the transaction or occurrence
that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such
claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire at Northampton, the    20th
day of    September    , in the year of our Lord two thousand 4 .

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort – Motor Vehicle Tort – Contract – Equitable relief.

.OOF OF SERVICE OF PROCESS

HAMPSHIRE SS                                                                    S&C  L&U
I hereby certify and return that on ~~Toterlebra 24~~ , 20 _04_ , I served a copy of the
within summons, together with a copy of the complaint in this action upon the within named defendant,
~~PETER NAOTKOV~~ _____ by leaving at his/~~her~~ last and usual place of abode to wit:
~~84 MEADOW STREET, AMHERST, MA 01001~~ .
Fees:
Service: $ 20.00
Copy:      2.00
Travel:    9.60
M.V.:      3.30
Attest:    5.00
Total:     _____
           $ 39.90

DAVID R. KNIGHTLY, DEPUTY SHERIFF

Deputy Sheriff  _____


Dated: _____ , 20 ____ .    _____ .

N.B.   TO PROCESS SERVER:–

       PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON
       THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

       ┌────────────────────────────────────────────────┐
       │                                                │
       │                                     , 20    .  │
       │                                                │
       └────────────────────────────────────────────────┘


                    Commonwealth of Massachusetts
              HAMPSHIRE, ss.    SUPERIOR COURT
                                CIVIL ACTION
                                No.


                                          Plff.

                        v.

                                          Deft.


                          SUMMONS
                     (Mass. R. Civ. P. 4)