UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.  04-30208-KPN

```
BRADFORD C. COUNCILMAN,        )
     Plaintiff,                )
                               )
v.                             )
                               )
ALIBRIS, INC.,                 )
MICHAEL WARCHUT, and           )
PETER KROTKOV,                 )
     Defendants.               )
```

**DEFENDANT KROTKOV'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS COMPLAINT**

Defendant Peter Krotkov ("Krotkov") submits the following Memorandum in Support of Motion to Dismiss the Complaint.  For the reasons that follow, Counts 1-3 of the Complaint alleging (1) malicious prosecution, (2) abuse of process, and (3) intentional infliction of emotional distress by Krotkov, each fail to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil procedure 12(b)(6).

**I.   SUMMARY OF ARGUMENT**

Plaintiff was indicted by a federal grand jury for crimes related to the illegal interception of electronic mail.  One count of the indictment was dismissed by this Court because the intercepted communications were found to be in electronic storage and, therefore, not intercepted in transit as required to prove a criminal offense.  Thereafter, the government dismissed the second count.  Following the dismissal of the criminal case, Plaintiff brought this action against his former employer and two

former coworkers claiming that they made false statements to criminal investigators during the course of the investigation and that those false statements amounted to malicious prosecution, abuse of process and intentional infliction of emotional distress.

The claims should be dismissed because it is apparent from the face of the Complaint that Plaintiff can prove no set of facts that would entitle him to relief.  First, the Complaint does not sufficiently allege that the Defendants initiated the criminal action against Plaintiff as required to establish malicious prosecution and abuse of process.  Providing information to law enforcement officers in a criminal investigation that is already underway does not constitute the initiation of a prosecution.  Second, the Complaint does not sufficiently allege that the criminal action against Plaintiff was terminated in his favor.  A criminal prosecution terminated by dismissal on the basis of a procedural or technical defect does not suffice as a final and favorable termination.  Third, statements made to police or prosecutors in the course of a criminal investigation are absolutely privileged even if they are false or uttered with malice or bad faith.  Finally, the claims of abuse of process and intentional infliction of emotional distress were not filed within the applicable statute of limitations.

## II.  FACTUAL BACKGROUND

### A.  The Parties

Defendant Alibris ("Alibris") is a California corporation which uses the Internet to connect buyers and sellers of new, used and rare books, music and movies.  Complaint ¶¶ 6, 13.  Plaintiff Bradford C. Councilman ("Councilman") served as Vice-President of Alibris from May 1998 until his termination on October 21, 1999.  Complaint ¶ 6.  Defendant Michael Warchut ("Warchut") was a systems administrator for Alibris and resides in California.  Complaint ¶ 8.  Krotkov, a systems administrator at the University of Massachusetts, was employed by Alibris' predecessor, Interloc, for a single week in January 1998.  Complaint ¶¶ 9, 57.

The Complaint alleges that in April of 1998, Warchut, with Krotkov's assistance, gained unauthorized access to the computers of an internet service provider, Shaysnet.  Complaint ¶¶ 29, 35.  During the Shaysnet "hack" some Shaysnet files were destroyed and the Shaysnet password file was stolen.  Complaint ¶ 29.

### B.  The Criminal Investigation

As a result of the Shaysnet hack, Massachusetts State Police began a criminal investigation on April 10, 1998.  Federal investigators became involved the following month.  Complaint ¶¶ 30, 45.  Councilman alleges that, during the course of the criminal investigation, Warchut and Krotkov, in return for

favorable treatment by law enforcement officials, made false allegations implicating Councilman in a scheme to illegally intercept electronic mail (e-mail") sent by Amazon.com. Complaint ¶¶ 55, 59, 65-66.

Alibris cooperated in the criminal investigation. Complaint ¶ 100. Councilman's employment with Alibris was terminated on October 21, 1999. Complaint ¶ 98. Ultimately, Alibris pled guilty to charges related to the illegal interception of Amazon.com e-mail and paid a $250,000 fine. Complaint ¶¶ 99-100, Exhibit A.

Warchut pled guilty to one count of conspiracy to illegally intercept electronic messages and was sentenced to two years' probation with six months home detention and fined $2,100. Complaint ¶¶ 83-85. Krotkov was not indicted. Complaint ¶ 69. Councilman alleges that Krotkov and Warchut made false statements to investigators and testified falsely to the federal grand jury on May 9, 2001 and May 30, 2001, respectively. Complaint ¶¶ 72-76. These alleged false statements are the basis of Councilman's claims of malicious prosecution, abuse of process and intentional infliction of emotional distress.

**C. Criminal Charges Against Councilman**

On July 11, 2001 Councilman was indicted by a federal grand jury on separate charges of (1) conspiracy to violate the federal Wiretap Act in violation of 18 U.S.C. §§ 371 and 2511, and (2)

conspiracy to violate the Computer Fraud and Abuse Act in violation of 18 U.S.C. §§ 371 and 1030.  Complaint ¶ 108; Exhibit B.  This Court dismissed count one on February 12, 2003, because the intercepted communications were in electronic storage and, therefore, not intercepted in transit as required to prove a violation of the Wiretap Act.  Complaint ¶ 109; United States v. Councilman, 245 F. Supp.2d 319, 320-321 (D. Mass. 2003).  The First Circuit Court of Appeals affirmed the dismissal of count one on June 29, 2004.  Complaint ¶ 111; United States v. Councilman, 373 F.3d 197, 200-204 (1st Cir. 2004).  The United States Attorney voluntarily dismissed count two of the indictment on June 16, 2003, citing "recent developments in the relevant case law."  Complaint ¶ 110; Exhibit C.  On October 5, 2004, the First Circuit allowed the government's petition for rehearing *en banc* as to the dismissal of count one.  As yet, no decision has been reached.

**III.   ARGUMENT**

    **A.  Motion to Dismiss Standard**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court is generally required to (1) treat all of the non-movant's factual allegations as true, and (2) draw all reasonable factual inferences that arise from the allegations and are favorable to the non-movant. Eggert v. Merrimac Paper Co., Inc. Leveraged Employee Stock Ownership Plan and Trust, 311 F. Supp.2d

245, 247-248 (D. Mass. 2004).  If it appears from the face of the complaint that the plaintiff can prove no set of facts that would entitle him to relief, the court should dismiss the plaintiff's claims.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  To survive a motion to dismiss, a complaint must assert facts that, if true, establish the asserted cause of action.  Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass. App. Ct. 162, 166 (1993).  The Court is not bound by legal conclusions, unsupported factual conclusions, or unwarranted inferences, nor need the Court "swallow a plaintiff's invective hook, line and sinker." Eastern Food Services, Inc. v. Pontifical Catholic University Services Ass'n, Inc., 357 F.3d 1,9 (1st Cir. 2004; Massachusetts School of Law at Andover v. American Bar Ass'n, 142 F.3d 26, 40 (1st Cir. 1998).

    **B.    Councilman's Claim of Malicious Prosecution Against Krotkov Must be Dismissed.**

A malicious prosecution claim must be based on allegations that a prior legal proceeding was: (1) brought by the defendant; (2) commenced maliciously; (3) without probable cause; and (4) terminated in the plaintiff's favor.  Wynne v. Rosen, 391 Mass. 797, 798-799 (1984); Sklar v. Beth Israel Deaconess Medical Center, 59 Mass. App. Ct. 550, 557-558 (2003), rev. denied 440 Mass. 1110 (2003).  Actions for malicious prosecution are not favored in Massachusetts.  Wynne, 391 Mass. at 801.  In this case, even assuming that Councilman's claims against Krotkov are

true, the allegations do not support a claim of malicious prosecution because Councilman fails to show initiation of a prior legal proceeding by Krotkov or that the prior proceeding terminated in Councilman's favor.  Moreover, statements made to police or prosecutors in the course of a criminal investigation or judicial proceedings are absolutely privileged.

### 1. Krotkov Did Not Initiate an Action Against Councilman.

Under Massachusetts law, providing information to law enforcement officers in a criminal investigation that is already underway does not constitute the initiation of a prosecution. Correllas v. Viveiros, 410 Mass. 314, 318-319 (1991)(bank teller in a larceny did not "institute" criminal proceedings against a co-worker by providing allegedly false information to police while she was a suspect in a theft already under investigation). Here, the Complaint alleges that Krotkov provided false information to criminal investigators regarding Councilman's participation in a scheme to illegally intercept e-mails sent by Amazon.com and then testified falsely in the grand jury.  Even assuming that Krotkov's statements were false, "[t]he mere transmission of information to a police officer, who using his or her independent judgment, then pursues the matter and institutes criminal proceedings, has never been held sufficient to support an action for malicious prosecution."  Id. at 318.  It is clear from the Complaint that Krotkov did not initiate the contact with

police. He was contacted by Trooper Michael Barrett after the investigation was already under way. Complaint ¶¶ 31-36. Thus, even reading the Complaint in the light most favorable to Councilman, the allegations fail to state a claim that Krotkov's conduct initiated the criminal proceeding against Councilman.

### 2. The Underlying Prosecution Has Not Terminated in Councilman's Favor.

A criminal prosecution terminates in a plaintiff's favor when the prosecutor formally abandons the criminal proceedings by a *nolle prosequi* or a motion to dismiss or by a factual finding or innocence or no liability. Wynne, 391 Mass. at 800-801. However, "the reasons stated for the *nolle prosequi* or dismissal must be consistent with the innocence of the accused." Id. The circumstances of the abandonment must compel an inference that there existed a lack of reasonable grounds to prosecute. A criminal prosecution terminated by dismissal on the basis of a procedural or technical defect does not suffice as a final and favorable termination. Id.

Councilman claims that he was "exonerated" and that the counts against him were dismissed in his favor. Complaint ¶¶ 108-111, 115. The dismissals, however, were granted on technical legal grounds. Specifically, Councilman argued, and this court agreed, that the computer code Warchut wrote captured the Amazon.com e-mails while those e-mails were in electronic storage and that, as a matter of law, e-mails in storage (as opposed to

- 8 -

transmission) could not be "intercepted" within the meaning of the federal Wiretap Act. United States v. Councilman, 245 F. Supp. 2d at 320-321. The First Circuit, while stating that "the language [of the Wiretap Act] may be out of step with the technological realities of computer crimes," affirmed this Court's dismissal of count one, agreeing that the e-mail was in electronic storage, even if it had not reached the intended recipient, and could not be "intercepted" as that term was defined in the Wiretap Act. United States v. Councilman, 373 F.3d at 203-204.

Dismissal of count one of the indictment, on the grounds that the e-mails were in storage at the time they were captured, did not exonerate Councilman of the allegation that he had participated in a scheme to read e-mails sent by Amazon.com for commercial advantage. This dismissal was on technical grounds and not because a factual basis to prosecute was lacking.[1]

As to count two, which was voluntarily dismissed by prosecutors on June 5, 2003, the dismissal stated only that count two was being dismissed "[i]n light of recent developments in relevant case law." Exhibit C. Again, this dismissal was not

---

[1] In addition, the First Circuit allowed the government's motion for rehearing *en banc* of the dismissal of count one of the indictment against Councilman. Should the First Circuit reverse this Court, there may be further proceedings against Councilman which may not terminate in his favor.

based on a conclusion that Councilman was innocent of the allegations against him.

### 3. Krotkov's Cooperation with Investigators and Grand Jury Testimony Were Privileged and Cannot Form the Basis of Councilman's Mailicious Prosecution Claim.

Statements made before trial to police or prosecutors in the course of a criminal investigation or judicial proceedings are absolutely privileged, even if they are intentionally false or uttered with malice or in bad faith. Correllas, 410 Mass. at 319; Sullivan v. Birmingham, 11 Mass. App. Ct. 359, 366-367 (1981); see also Striberg v. Raymond, 544 F.2d 15, 16 (1st Cir. 1977)(interpreting Massachusetts law). Tort claims against Krotkov cannot be based on his privileged conduct. Correllas, 410 Mass. at 324-325. Thus, even if Councilman had pled facts adequate to show Krotkov had initiated a proceeding against Councilman which had terminated in Councilman's favor, which he has not, Councilman's claim must fail because it is based on conduct by Krotkov that is absolutely privileged.

### C. Councilman's Abuse of Process Claim Must Be Dismissed.

Councilman has alleged that Krotkov is liable to him for abuse of process because Krotkov's cooperation with criminal investigators led to an indictment of Councilman. These allegations, even if true, do not sufficiently charge the elements of abuse of process. Moreover, the abuse of process claim is barred by the applicable statute of limitations.

### 1. Councilman's Abuse of Process Claim Was Not Timely Filed.

Actions in tort must be commenced within three years after the cause of action accrues. Mass. Gen. Laws ch. 260, § 2A. This action was filed on July 3, 2004. Accordingly, the abuse of process charged must have occurred on or after July 3, 2001.

Generally, an abuse of process claim accrues on the date the prior proceeding was filed. Britton v. Thompson, 1999 WL 1318995 *3 (Mass. Super. 1999). Here however, Councilman's claim of abuse of process is not based on the independent grand jury's indictment of Councilman, but on the Defendants' cooperation with the government which predated the indictment. Councilman alleges that Krotkov "initiated the federal criminal investigation" by providing false information to the investigators in mid-1998. Complaint ¶¶ 63-65.

Other jurisdictions have addressed when an abuse of process claim accrues in this context. "A cause of action for abuse of process under Indiana law accrues when the act complained of is committed" and that, in this regard, the plaintiff is "stuck with what he has pled" in his complaint. Brooks v. Harding, 2001 WL 548098, *5 (S.D. Ind. 2001). An abuse of process claim was held to be untimely when the plaintiff brought the action more than two years after his accuser committed her last act constituting abuse of process - her testimony at a hearing subsequent to the

filing of a complaint.  <u>Penn v. Iowa State Board of Regents</u>, 577 N.W.2d 393, 400 (1998).

According to Councilman's Complaint, Krotkov's last act constituting abuse of process was his testimony in the federal grand jury on May 9, 2001.  Complaint ¶ 72.  Based on this allegation, the abuse of process claim against Krotkov should have been commenced by May 9, 2004.  Because Councilman's Complaint in this action was not filed until July 3, 2004, it was beyond the statute of limitations and should be dismissed as untimely.

> **2.   Councilman's Complaint Does Not Adequately Allege the Elements of Abuse of Process.**

The elements of an abuse of process claim are: (1) the use of "process" (including the initiation of criminal charges); (2) either for ulterior or illegitimate purpose or maliciously; (3) resulting in damage.  <u>Gutierrez v. Massachusetts Bay Transportation Authority</u>, 437 Mass. 396, 407 (2002); <u>Jones v. Brockton Public Markets, Inc.</u>, 369 Mass. 387, 389 (1975).

Councilman's abuse of process claim must fail for the same reasons as his claim of malicious prosecution.  First, he has not alleged that Krotkov used process against him.  Cooperation in a criminal investigation is not the use of process and such cooperation by Krotkov is absolutely privileged.

### D. Councilman's Claim Against Krotkov for Intentional Inflication of Emotional Distress Should Be Dismissed.

Councilman must allege facts that establish the following four elements to sustain a claim of intentional infliction of emotional distress: (1) an intent to inflict emotional distress or actual or constructive knowledge that emotional distress would be the likely result of the conduct; (2) conduct by Krotkov that is "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community;" and (3) causation. Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976); Lamanque v. Massachusetts Dep't of Employment and Training, 3 F. Supp.2d 83, 94 (D. Mass. 1998). Councilman's claim of intentional infliction of emotional distress by Krotkov must be dismissed because it is untimely, the facts pled are insufficient to state a claim and Krotkov's actions were absolutely privileged.

First, as stated above, the applicable statute of limitations for tort actions in Massachusetts requires that a case be filed within three years of the actionable conduct. Mass. Gen. Laws ch. 260, § 2A. Here, the conduct complained of is Krotkov's cooperation with, and alleged false statements to government investigators beginning in mid 1998 and ending with his grand jury testimony on May 9, 2001. Complaint ¶¶ 65,72. Thus, the action should have been filed within three years of the most recent conduct, or by May 9, 2004. Because the Complaint

was not filed until July 3, 2004 it should be dismissed as untimely.

Second, the facts alleged are not "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community." <u>Agis v. Howard Johnson Co.</u>, 371 Mass. at 144-145.  Nor do the facts alleged sufficiently establish causation, that is, that the likely result of Krotkov's cooperation with government investigators would be emotional distress by Councilman.

Finally, as set forth above, statements made to police or prosecutors in the course of a criminal investigation are absolutely privileged even if they are false or uttered with malice or bad faith.  <u>Correllas</u>, 410 Mass. at 319; <u>Sullivan v. Birmingham</u>, 11 Mass. App. Ct. 359, 366-367 (1981); <u>see also</u> <u>Striberg v. Raymond</u>, 544 F.2d 15, 16 (1st Cir. 1977) (interpreting Massachusetts law).  Councilman's intentional infliction of emotional distress claim cannot be based on conduct that is absolutely privileged.  <u>Correllas</u>, 410 Mass. at 324. Accordingly, this claim should be dismissed.

### IV.  <u>CONCLUSION</u>

For all of these reasons Krotkov respectfully requests that the Court dismiss all of the counts alleged against him.

                                                  Respectfully submitted,
DEFENDANT PETER KROTKOV
By His Attorney,

Dated: February 4, 2005

/s/ C. Jeffrey Kinder
C. Jeffrey Kinder, BBO# 563890
FIERST, PUCCI & KINDER LLP
64 Gothic Street, Suite 4
Northampton MA 01060-3042
413-584-8067
413-585-0787 (facsimile)
kinder@fierstpucci.com