UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30208-MAP

| | |
|---|---|
| BRADFORD C. COUNCILMAN, | ) |
|         Plaintiff | ) |
| v. | ) |
| | ) |
| ALIBRIS, INC., | ) |
| MICHAEL WARCHUT, | ) |
| PETER KROTKOV, | ) |
|         Defendants | ) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OR
EXTENSION OF TIME TO RESPOND TO MOTIONS TO DISMISS**

Plaintiff Bradford C. Councilman ("Plaintiff") has requested that the Court stay this case, or in the alternative, extend the time for plaintiff to respond to motions to dismiss filed by defendant Alibris, Inc. ("Alibris") and defendant Peter Krotkov "pending the outcome of the pending government appeal" in *United States v. Councilman*. Alibris does not oppose an extension of time to April 1, 2005 for plaintiff to file his opposition to Alibris' motion to dismiss. There is no basis, however, for a stay in this case because no decision by the United States Court of Appeals for the First Circuit could cure the defects in plaintiff's complaint that are the basis of Alibris' motion to dismiss. Accordingly, Alibris opposes Plaintiff's Motion for a Stay or, in the Alternative, an Extension of Time to Respond to Motions to Dismiss.

**I.   BACKGROUND**

In his complaint, plaintiff asserts four counts against Alibris: (1) Malicious Prosecution; (2) Abuse of Process; (3) Intentional Infliction of Emotional Distress; and (4) Alleged Violations of the Massachusetts Consumer Protection Statute, Massachusetts General Laws ch. 93A ("Chapter 93A"). Plaintiff's complaint also asserts claims of malicious prosecution, abuse of process and intentional infliction of emotional distress against individual defendants Michael

Warchut ("Warchut") and Peter Krotkov ("Krotkov"). Plaintiff bases his claims on actions of Alibris and Warchut and Krotkov relating to a criminal investigation that resulted in plaintiff's indictment on two counts by the United States government. Both counts of the government's indictment were dismissed on legal grounds.[1] On October 5, 2004, the United States Court of Appeals allowed the government's petition for rehearing *en banc* in connection with the dismissal of Count I of the indictment. The First Circuit has not yet issued its decision in connection with the government's motion for rehearing. On January 31, 2005 and February 4, 2005, Alibris and Krotkov, respectively, filed motions to dismiss. Plaintiff has requested that this case be stayed or, in the alternative, that plaintiff be granted an extension of time to file an opposition to the motions to dismiss "pending the outcome" of the government's appeal.

## II.  ARGUMENT

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997), citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The grant of a stay, however, "is the exception, not the rule." *RLJCS Enterprises, Inc. v. Professional Benefit Trust, Inc.*, 2004 WL 2033067, *2 (N.D. Ill. 2004), citing *Landis*, 299 U.S. at 253-54. "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. Plaintiff seeks a stay "because the First Circuit's ruling may materially affect the pleadings, the course of proceedings, and the outcome of this civil case." *See* Plaintiff's Motion for a Stay, or, in the Alternative, for an Extension of

---

[1] Count I of the indictment (alleging conspiracy to violate 18 U.S.C. § 2511 *et seq.* (the "federal Wiretap Act")) was dismissed by this Court on February 12, 2003, on the basis that the communications at issue were in electronic storage and, therefore, not intercepted in transit as required to prove a violation of the federal Wiretap Act. Complaint ¶ 109; *see also United States v. Councilman*, 245 F. Supp.2d 319, 320-321 (D. Mass. 2003). A copy of the indictment is attached to Alibris' motion to dismiss as Exhibit B. The First Circuit affirmed the dismissal of Count I on June 29, 2004. Complaint ¶ 111; *see also United States v. Councilman*, 373 F.3d 197, 200-204 (1st Cir. 2004). Prosecutors voluntarily dismissed Count II of the indictment (alleging conspiracy to violate 18 U.S.C. § 1030 *et seq.* (the "Computer Fraud and Abuse Act")) on June 16, 2003, citing "recent developments in the relevant case law." Complaint ¶ 110; June 5, 2003 Dismissal of Count Two of the Indictment, attached to Alibris' Motion to Dismiss as Exhibit C.

Time to Respond to Motions to Dismiss at p. 2, ¶ 4.  However, as is set forth more fully in the memorandum supporting Alibris' motion to dismiss, plaintiff's complaint fails to allege the elements necessary to establish any of his claims.  For example, Alibris cannot be liable to plaintiff based on any alleged action by Warchut (or Krotkov) because neither was acting within the scope of employment with Alibris; the complaint fails to allege any use of process by Alibris (or any other defendant); Alibris' actions in cooperating with a government investigation were privileged; and Chapter 93A is inapplicable to the acts alleged in the complaint.  None of these issues will be affected by any decision of the First Circuit in *United States v. Councilman.*  Indeed, even plaintiff's failure to allege a necessary element of the malicious prosecution claim – that the underlying proceedings ended in a finding of plaintiff's factual innocence – cannot be affected by the First Circuit's ruling in the pending appeal because the First Circuit has not been asked to rule on any factual issue.  Furthermore, Plaintiff's abuse of process and intentional infliction of emotional distress claims are time-barred.  These defects in the complaint <u>cannot be cured</u> by <u>any</u> decision of the First Circuit in *United States v. Councilman*.

      Because the decision by the First Circuit on the pending appeal cannot cure the defects in plaintiff's complaint, this Court should deny plaintiff's motion for a stay.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *P.L. Services LP v. Millennium Construction, Inc.*, 328 F. Supp.2d 245, 250 (2004) (where claims at issue were not contingent upon outcome of pending arbitration, no basis for stay); *Mountain Cable Co. v. Public Service Board of the State of Vermont*, 2003 WL 23273428, *4 (D. Vt. 2003) (stay of instant litigation pending resolution of other litigation not appropriate where issues presented in instant litigation would not necessarily be resolved by resolution of other litigation).

WHEREFORE, defendant Alibris, Inc. respectfully requests that this Court deny plaintiff's Motion for a Stay, or in the Alternative, for an Extension of Time to Respond to Motions to Dismiss to the extent plaintiff seeks relief beyond an extension to April 1, 2005 to file his opposition to Alibris' motion to dismiss.

                                              Respectfully submitted,

                                              The Defendant,
                                              ALIBRIS, INC.
                                              By Its Attorneys:

Dated: March 1, 2005                     /s/ Katherine A. Robertson
                                              Katherine A. Robertson
                                              BBO No. 557609
                                              Bulkley, Richardson and Gelinas, LLP
                                              1500 Main Street, Suite 2700
                                              Springfield, MA  01115
                                              Tel:  (413) 781-2820
                                              Fax:  (413) 272-6804

#291044