UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30208-KPN

| | |
|---|---|
| BRADFORD C. COUNCILMAN, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ALIBRIS, INC., | ) |
| MICHAEL WARCHUT, | ) |
| PETER KROTKOV, | ) |
| Defendants | ) |

## **DEFENDANT, MICHAEL WARCHUT'S, MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS**

NOW COMES the defendant, Michael Warchut ("Warchut"), and hereby submits this Memorandum of Law in Support of His Motion to Dismiss this Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  As reasons for this Motion, Warchut states that: (1) the plaintiff has failed to allege sufficient facts to make out the elements of a malicious prosecution claim; (2) the plaintiff's abuse of process claim is filed after the statute of limitations has run and, in any event, the complaint fails to allege sufficient facts to maintain a claim for abuse of process; (3) the plaintiff's claim for intentional infliction of emotional distress is filed outside of the applicable statute of limitations and, in any event, the complaint does not allege facts sufficient to make out a claim for intentional infliction of emotional distress; (4) the acts or conduct alleged as to Warchut which underlie each of the counts against him were absolutely privileged and cannot be used against him.

## THE RELEVANT ALLEGATIONS

For the purpose of this motion only, the following relevant allegations must be deemed as true.  Bradford C. Councilman (the "plaintiff") was a co-founder of Interloc, Inc. which, in May, 1998, merged with and became Alibris, Inc. ("Alibris"), a co-defendant in the instant action.  See Complaint at ¶ 6.  Alibris is incorporated under the laws of California and has its principle place of business in Emeryville, CA.  *Id.* ¶ 7.  At all times relevant to this action, Warchut, was employed as a systems administrator first with Interloc and then, with Alibris.  *Id.* ¶ 8. Defendant, Peter Krotkov ("Krotkov"), was employed for one week, in January, 1998, as a system administrator for Interloc and is currently a systems administrator at the University of Massachusetts in Amherst, MA.  *Id.* ¶¶ 9, 57.  During a criminal investigation involving unauthorized access to the computer of an Internet service provider which implicated Warchut and Krotkov, Warchut and Krotkov provided false information implicating the plaintiff to state and federal criminal investigators in order to be given more favorable treatment in the pending investigation against them.  *Id.* ¶¶ 14-17, 21, 31-41, 55-61.  Based upon this false information, the criminal investigation that had been focused on Warchut and Krotkov, broadened to include the plaintiff.  *Id.* ¶ 62.

Between mid 1998 through mid 2001, Warchut and Krotkov repeated the false allegations to investigators.  *Id.* ¶¶ 65-66.  Warchut and Krotkov knew or should have known that the false allegations they made against the plaintiff would lead to the initiation of a criminal investigation and prosecution of the plaintiff.  *Id.* ¶ 64.  Warchut's and Krotkov's false and misleading grand jury testimony was a proximate cause of the plaintiff's indictment.  *Id.* ¶¶ 72-82.  On July 11, 2001, the plaintiff was indicted on two counts:  (1) a violation of 18 U.S.C. § 371, conspiracy to violate 18 U.S.C. § 2511 *et seq.* (the "Wiretap Act") and (2) 18 U.S.C. § 371, conspiracy to

violate 18 U.S.C. § 1030 *et seq.* (the "Computer Fraud and Abuse Act") *Id.* ¶ 108. On February 12, 2003, the District Court Judge dismissed Count I and the government appealed same to the First Circuit. *Id.* ¶ 109. On June 16, 2003, the government voluntarily dismissed Count II of the indictment. *Id.* ¶ 110. On June 29, 2004, the First Circuit affirmed the District Court's dismissal of Count I. *Id.* ¶¶ 111. On October 5, 2004, the First Circuit allowed the government's petition for rehearing *en banc* in connection with the dismissal of Count One and has not yet issued a decision with respect to the rehearing.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiffs can provide no facts in support of their claim that entitles them to relief. See *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. See *Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir. 1992). The Court is also required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the count must be denied. See *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir. 1987).

## LEGAL ARGUMENT

### I. The Plaintiff Has Failed To Allege Sufficient Facts To Support A Claim Of Malicious Prosecution.

In order to state a claim for malicious prosecution under Massachusetts law, a plaintiff must "show four elements: (1) that the defendant initiated a criminal action against [the plaintiff]; (2) that the criminal prosecution ended in [the plaintiff's] favor; (3) that there was no probable cause to initiate the criminal charge; and (4) that the defendant acted maliciously." See *Santiago v. Fenton,* 891 F.2d 373, 387 (1st Cir. 1989); see also, *Meehan v. Town of Plymouth,* 167 F.3d 85,

88-89 (1st Cir. 1999).  See *Mitchell v. City of Boston*, 130 F. Supp. 2d 201, 215 (D. Mass. 2001),

*quoting* Restatement (Second) of Torts § 655.  It is settled that actions for malicious prosecution

are not favored in Massachusetts.  See *Wynne v. Rosen*, 391 Mass. 797, 801 (1984); *Britton v.

Maloney*, 196 F.3d 24, 30 (1st Cir. 1999).

### a.  The Complaint Fails To Allege Facts Sufficient To Prove That Warchut Initiated Any Action Against The Plaintiff.

Only if a person takes an "active part in continuing or procuring the continuation of criminal

proceedings initiated . . . by another" can that person be subject to liability for malicious

prosecution as if he had actually initiated the proceedings himself.  *Miller v. City of Boston*, 297

F. Supp. 2d 361, 366 (D. Mass. 2003).  Providing information to law enforcement officers in a

criminal investigation already under way does not constitute the initiation of a prosecution

sufficient to meet the first element of a malicious prosecution claim.  See *Correllas v. Viveiros*,

410 Mass. 314, 318-319 (1991) (finding that a bank teller in a larceny action did not "institute"

criminal proceedings against a co-worker by providing allegedly false information to police

while she was a suspect in a theft already under investigation).  As in *Correllas*, the complaint in

the instant action alleges that Warchut provided false information to investigators concerning the

plaintiff's participation in a criminal scheme in order to be provided with more favorable

treatment with respect to the criminal investigation they were undergoing.  Accepting, as we

must for the purposes of a 12(b)(6) motion, that Warchut's statements to investigators were false,

"[t]he mere transmission of information to a police officer, who using his or her independent

judgment, then pursues the matter and institutes criminal proceedings, has never been held

sufficient to support an action for malicious prosecution."  *Id.* at 318.  By the very allegations in

the complaint, Warchut had no hand in initiating contact with the investigators, but rather, was

on the premises of Interloc when federal investigators and Massachusetts state troopers executed

a federal search warrant in or around June, 1998.  See Complaint, ¶¶ 46-47.  It was only after this search took place that the federal law enforcement agents interviewed Warchut asking about what he knew with respect to the matter they were investigating.  *Id.* ¶¶ 48-49.  In fact, all that the complaint alleges is that Warchut and Krotkov provided false information to the investigators to receive more favorable treatment.  That is simply not enough to meet the standard of taking an "active part in the continuing or procuring the continuation of criminal proceedings."  See *Santiago v. Fenton,* 891 F.2d at 387.  As a matter of law, failure to meet this element is sufficient for this Court to dismiss the malicious prosecution claim.

> **b.  The Plaintiff's Underlying Prosecution Did Not Terminate In His Favor Thus Failing To Meet A Second Element Required To State A Claim For Malicious Prosecution.**

Warchut submits that the plaintiff's malicious prosecution claim must fail as well because despite the fact that the criminal charges against the plaintiff were dismissed, the dismissals were not of the nature required to meet that element in a malicious prosecution claim.  As the Supreme Judicial Court has stated, a criminal prosecution terminates in a plaintiff's favor sufficient to meet the element in the malicious prosecution claim when a prosecutor formally abandons criminal proceedings by a *nolle prosequi* or a motion to dismiss or by a factual finding of innocence or no liability.  See *Wynne v. Rosen,* 391 Mass. 797, 800-801 (1984).  The critical issue is whether or not the dismissal is consistent with the innocence of the accused.  *Id.*; *Britton v. Maloney,* 196 F.3d 30, 30-31 (1st Cir. 1999).  In other words, the dismissal of charges must compel an inference that there existed a lack of reasonable grounds to prosecute.  *Id.*  A criminal prosecution that is dismissed because of a technical or procedural problem is insufficient to meet the malicious prosecution requirement of a favorable termination.  See *Wynne v. Rosen,* 391 Mass. at 800-801.

The plaintiff alleges that both criminal counts against him were dismissed; one by the District Court Judge and one by the government and that, therefore, he had both indictments terminated in his favor. However, the dismissals were each granted on technical legal grounds. In the first instance, the dismissal granted by the District Court Judge and affirmed by the First Circuit had to do with the fact that, as a matter of law, the emails at issue in the investigation were not "intercepted" within the meaning of the Wiretap Act. See *United States v. Councilman,* 245 F. Supp. 2d at 320-321; *United States v. Councilman,* 373 F.3d at 203-204. The indictment against the plaintiff on the first count alleged that in or around January, 1998, the plaintiff gave Interloc employees instructions to write computer code to intercept and copy incoming communications from Amazon.com to Interloc Booksellers in order to use the contents of these electronic communications to Interloc's advantage. See Federal Indictment of the Plaintiff, attached hereto and hereinafter referred to as Exhibit 1.[1] Thus, the dismissal of this count did not compel an inference that there existed a lack of reasonable grounds to prosecute. Rather, as the First Circuit noted, the dismissal simply suggested that the language of the Wiretap Act "may be out of step with the technological realities of computer crimes." *United States v. Councilman,* 373 F.3d at 203-204. Such a finding does not compel an inference of a lack of reasonable grounds to prosecute but, instead, compels the conclusion that as to Count I only a legal technicality with the Wiretap Act's language compelled dismissal.[2] This does not meet the standard contemplated by the prevailing case law regarding malicious prosecution and the Court should dismiss this Count on this basis.

---

[1] To the extent this Court considers the exhibits attached hereto as outside of the scope of a 12(b)(6) motion, it is within this power of the Court to convert this matter to a summary judgment motion and rule thereunder. See Fed. R. Civ. P. 12(b)(6); *Kozikowski v. Toll Bros., Inc.,* 354 F.3d 16, 20 (2003).

[2] First Circuit allowed the government's motion for hearing *en banc* of the dismissal of Count I of the criminal indictment against the plaintiff. Should the First Circuit reverse the lower court, there may yet be further proceedings against the plaintiff which do not terminate in this favor.

The second Count for conspiracy to violate the Computer Fraud and Abuse Act was voluntarily dismissed by the government which stated only that Count II was being dismissed "in light of recent developments in relevant case law." See the Government's Voluntary Dismissal dated June 5, 2003 attached hereto and hereinafter referred to as Exhibit 2. Thus, the dismissal of the second indictment was again on a technical legal ground and not sufficient to meet this element of the malicious prosecution claim.

### c. To The Extent That Warchut Made All Of His Comments To Investigators And The Grand Jury In The Course Of An Ongoing Investigation, These Comments Were Privileged And Cannot Form The Basis Of The Plaintiff's Malicious Prosecution Claim.

The primary thrust of the plaintiff's complaint is that the statements made to the investigators by Warchut and Krotkov were false and intended to help each of them negotiate a better arrangement with the investigation of each of them. However, statements made to police or prosecutors in the course of a criminal investigation or judicial proceeding are absolutely privileged, even if they are intentionally false or uttered with malice or in bad faith. See *Correllas v. Viveiros,* 410 Mass. 314, 319 (1991); see also *Striberg v. Raymond,* 544 F.2d 15, 16 (1st Cir. 1977). As the *Correllas* Court stated, tort claims against a defendant cannot be based on privileged conduct. See *Correllas,* 410 Mass. at 324-325 It is clear that even if the allegations were sufficient to support the assertion that Warchut initiated the criminal proceeding and that the underlying criminal matters were terminated in favor of the plaintiff, as contemplated by the Massachusetts courts, the claim would still fail as a matter of law because the facts as alleged all assert conduct by Warchut that is absolutely privileged.

## II.  **The Complaint Does Not Assert Sufficient Facts To Maintain A Claim Of Abuse Of Process**.

This claim must be dismissed as (1) it is brought outside of the three year statute of limitations and (2) the plaintiff has failed to assert sufficient facts to make out an abuse of process claim.

### a.  **The Abuse Of Process Claim Is Brought After The Statute Of Limitation Has Run**.

Pursuant to M.G.L. c. 260, § 2A, actions in tort must be commenced within three years after the cause of action accrues.  The complaint was filed on July 3, 2004 and therefore, the abuse of process of claim must have accrued on or about July 3, 2001.  While an abuse of process claim typically accrues on the date that the proceeding complained of was filed, see *Quaranto v. Silverman,* 345 Mass. 423, 426 (1963); *Britton v. Thompson,* 1999 WL1318995 (Mass. Super. 1999), the complaint in the instant action does not base its abuse of process claim on an underlying proceeding but rather on the series of false statements provided to the investigators and the grand jury which ultimately lead to the government indicting the plaintiff.  The latest date alleged in the complaint against Warchut involving this behavior was May 30, 2001 when Warchut testified before the federal grand jury.  See Complaint, ¶ 76.  This testimony was a full year after Warchut pled guilty in the United States District Court on or about May 31, 2000.  *Id.* ¶ 83.  Thus, there is no relevant behavior or conduct by Warchut alleged in the Complaint that takes place after May 30, 2001.  As such, the abuse of process claim falls outside of the three year statute of limitations and therefore must be dismissed.  See and compare, *Brooks v. Harding,* 2001 WL 548098 (S.D. Ind. 2001); *Penn v. Iowa State Bd. of Regents,* 577 N.W.2d 393, 400 (1998) (cases finding that an abuse of process claim statute of limitations begins to accrue on the date when the last act complained of is committed).

**b.  The Complaint Does Not Allege Sufficient Facts To Sustain A Claim Of Abuse Of Process.**

Under Massachusetts law, in order to state a claim for abuse of process, three elements must be satisfied.  First, the complaint must allege that some process was used.  Second, the complaint must allege that the process was used for an ulterior or illegitimate purpose.  Third, the complaint must allege that the use of the process resulted in damages.  See *Gouin v. Gouin,* 249 F. Supp. 2d 62, 70 (D. Mass. 2003) *citing Gutierrez v. Mass. Bay Trans. Auth.,* 437 Mass. 396, 407 (2002), other citations omitted.  The complaint alleges that Warchut is liable for abuse of process in that he provided information, albeit false, to criminal investigators which eventually lead, in part, to an indictment of the plaintiff.

As in the malicious prosecution claim, the plaintiff has failed to state facts sufficient to demonstrate that Warchut used process for an ulterior motive against him.  Providing information to criminal investigators does not constitute the use of process for an ulterior motive.  Beyond that, for the same reasons articulated *supra,* in the course of the criminal investigation all communications between Warchut and the grand jury and investigators was absolutely privileged.  For these reasons, this Court must dismiss the abuse of process claim as well.

**III. The Intentional Infliction Of Emotional Distress Claim Must Be Dismissed As It Also Is Brought Outside The Statute Of Limitations.**

Pursuant to M.G.L. c. 260, § 2A, all tort actions brought in Massachusetts must be filed within three years after the cause of action accrues.  As stated *supra,* the last act complained of specifically against Warchut was his testimony in front of the grand jury on May 31, 2001.  Inasmuch as this complaint was filed in July, 2004, all the conduct complained of in the complaint falls outside of the three year statute of limitations.  For this reason, the intentional infliction of emotional distress claim fails as a matter of law.

392159

In addition, as stated *supra,* all statements and communications made to the investigators and/or the grand jury were absolutely privileged, regardless of their veracity, or even if they are uttered with malice or bad faith.  See *Correllas v. Viveiros,* 410 Mass. at 319; *Sullivan v. Birmingham,* 11 Mass. App. Ct. 359, 366-367 (1981); *Striberg v. Raymond,* 544 F.2d 15, 16 (1st Cir. 1977).  Inasmuch as the plaintiff's claim cannot be based on conduct that is absolutely privileged, this claim must be dismissed as well.

<u>**CONCLUSION**</u>

For all of the aforementioned reasons, Warchut respectfully moves this Court to dismiss each of the counts alleged against him for failure to state a claim upon which relief may be granted.

THE DEFENDANT
MICHAEL WARCHUT


By____/s/ Dorothy Varon_____
Jeffrey L. McCormick, Esq.
Dorothy Varon, Esq., both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  329740
BBO No.:  629609

392159