UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRADFORD C. COUNCILMAN,

                Plaintiff,

   v.                                    Civil Action No. 04-30208-MAP

ALIBRIS, INC.
MICHAEL WARCHUT
PETER KROTKOV
                Defendants.

**COUNCILMAN'S MOTION FOR LEAVE TO ADOPT AGAINST
WARCHUT'S MOTION TO DISMISS HIS PREVIOUSLY
-FILED OPPOSITION TO MOTIONS FILED BY ALIBRIS AND KROTKOV**

Plaintiff, Bradford C. Councilman, moves this Court for leave to adopt his previously-filed opposition to Krotkov and Alibris's motions to dismiss as his opposition to Warchut's motion to dismiss. Councilman also seeks leave to address a case cited for the first time at oral argument.

The grounds for this motion are as follows:

1. Plaintiff's failure to adopt the pleading was due to oversight and does not prejudice Warchut who adopted in open court all of the arguments made by Krotkov and Alibris.

2. The Court permitted the defendants to rely upon *Leventhal v. Docker*, 358 Mass. 799 (1970) at the hearing without having citing it in their pleadings. Leventhal was a *pro se* plaintiff who failed to cite facts in support of the claims in his complaint. The

affirmance of the dismissal of his fact-less complaint is inapposite to this case, but the rescript does indicate the tort liability can attach to conduct that involves influencing those in charge of prosecution. Here, the defendants' influenced the police-initiated investigation of the Shaysnet hack to cease and caused a Warchut/Krotkov/Alibris-initiated investigation of entirely different crimes and Councilman to be commenced instead.

In *Correllas v. Vivieros*, 410 Mass. 314 (1991), the police and the employer initiated the investigation of both parties concerning a bank's report that its funds had been embezzled. Vivieros' accusation against Correllas was made in the course of that police-initiated embezzlement investigation and was absolutely privileged. The Supreme Judicial Court explained that the absolute privilege applied to Viveiros's statements during the police-initiated investigation. The Court ruled that Vivieros' statements occurred during a police-initiated embezzlement investigation that eventuated in the embezzlement trial: a single course of conduct – not initiated by Vivieros – and, for that reason, the absolute privilege applied.

Here, the investigation initiated by the police concerned the Shaysnet hack. The complaint alleges that the police-initiated investigation neither concerned illegal interceptions of e-mail nor Councilman. The complaint also alleges that neither Warchut nor Krotkov were prosecuted for their participation in the Shaysnet hack, which was the subject matter of the police-initiated investigation. Had either Warchut or Krotkov falsely implicated Councilman in the Shaysnet hack, their statements would be absolutely privileged. But the defendants' malicious statements concerning Councilman did not relate to or further the police-initiated Shaysnet investigation. The investigation of illegal

interception of email and eventually the Studio 32 hack was anything but police-initiated. (Indeed, unlike the complaining bank in *Corellas*, no one complained to any authorities about illegal interception of Amazon-sourced e-mail or the Studio 32 hack – the investigation of those events was initiated by nothing and no one other than the defendants' maliciously false statements). For these reasons, the privilege delineated in *Corellas* does not apply.

Dated: July 13, 2005

                   Respectfully submitted,

                   /s/ Andrew Good
                   Andrew Good
                   BBO # 201240
                   Good & Cormier
                   83 Atlantic Ave.
                   Boston, MA 02110
                   617/523-5933

G:\CLIENTS\Councilman (civil)\Alibris-Krotkov 12(b)(6)\Adoption Warchut motion.doc

Certificate of Service

I hereby certify that a true copy of the foregoing was served upon each of the parties identified on the service list below by First Class mail on July 13, 2005.

Jeffrey L. McCormick, Esq.
Dorothy Varon, Esq., both of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
*Counsel for defendant Michael Warchut*

Jeffrey Kinder
Fierst, Pucci and Kinder LLP
64 Gothic Street, Suite 4
Northampton MA 01060-3042
*Counsel for defendant Peter Krotkov*

Katherine Robertson
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
*Counsel for defendant Alibris, Inc.*